(Police Court of City of Cleveland.)

THE STATE OF OHIO v. WILLIAM LARK et al.

———

Under an information for gambling, under section 6931, Revised Statutes, a person can not be prosecuted for playing policy or some kind of lottery. The latter must be prosecuted under section 6932, Revised Statutes.
(Decided May 14, 1896.)

The information filed reads as follows, omitting the heading:

That on the 19th day of December, 1895, and on divers other days,, and times between the first day of September, 1895, and said 19th day of December, A. D. 1895, at the city of Cleveland, in the county of Cuyahoga and State of Ohio, one William Lark, and one Jacob Weber did keep two certain rooms there situate, in a certain building known as number 61 Michigan street, to be used for gambling. and in the said rooms kept by the said William Lark and Jacob Weber to be used for gambling as aforesaid, then and there unlawfully did cause, procure and permit divers folk and evil disposed persons on the said 19th day of December, A. D. 1895, and on divers other days and times between the 1st day of September, A. D. 1895 and the said 19th day of December, A. D. 1895, to game and wager at and in a certain scheme of chance commonly called policy, and the said idle and ill disposed persons then and there in the said gambling rooms on the day then

last aforesaid and on the days and times aforesaid by such procuring sufferance and permission of the said William Lark and Jacob Weber, did there game and wager at and in said scheme of chance commonly called policy, for money, contrary to the form of statute in such case made and provided.

T. M. Kennedy, Pros. Att'y
Police Court.

FIEDLER, Police Judge.

In this case the State seems to hold the defendants guilty of keeping a gambling room under section 6932 of our Revised Statutes. And in as much as they can not draw a legal information without setting out the specific acts of gambling complained of, without telling what kind of a gambling house it is; they say that it is a place where people meet to play a certain scheme of chance commonly called policy. And we have had the statement of the Prosecuting Attorney explaining that policy is a species of lotteries, that it is not a game of which skill forms any part. That a child of six years old may play it as well and as successfully as an adult. In other words, as the attorneys for the defense have stated, the State seeks a conviction for a violation of the gambling law, section 6931 of the Revised Statues, by a proceeding under section 6932, and the question to be here decided is, can that be done under he laws of this State?

My first impression was the same as that of the Prosecuting Attorney, that it could be done; that any one who tolerated in a single room anything that could be called gambling, could be convicted under section 6932. To that conclusion I was undoubtedly led by the great dislike I have always had of all kinds of gambling. And it has always been my belief that the State should use its power to the utmost to protect its citizens from the mischiefs and dangers invariably connected with such places. But no matter what my private sentiments and desires may be, I am here to do my sworn duty and to administer the law. And if the law requires that these defendants must be tried and convicted under section 6931, and that alone, I cannot, as a judge, sworn to perform and properly administer the law, allow them to be convicted for acts done punishable by section 6931 alone, under an information admittedly alleging facts under section 6932. And we come, therefore, to the naked legal question, what is the meaning of the word "gambling," used in section 6932? Does it include a lottery or policy, or does it include certain games? It is claimed by the attorneys for the defense that the word gambling there used does not include lotteries or playing policy.

As to the words gaming, or gambling, they are substantially the same, and are defined by the lexicographers as "a contract between two or more persons by which they agreed to play by certain rules at cards, dice or other contrivances, and that one shall be the loser and the other shall be the winner."

And gambling is defined as "gaming, playing for money." Gaming is defined as "the practice of staking property, beyond the purpose of mere sport on the hazards of cards or dice." And all these definitions we may say hinge back on the word game, which is defined as any sport or amusement, public or private, as the game of checkers, of base ball and others. These definitions are given alike by all the Law Dictionaries as well as all English ditionaries, Bouvier, Black, Rapelje, Abbot, Worcester, Webster, and the Century. And no definition which the court has been able to find includes lotteries or the scheme of chance commonly called policy. And this seems to be the ruling made by all the courts. The able attorneys for defendants have furnished this court with abundance of authorities on that proposition. The Supreme Courts of Michigan, Alabama, New York, North Carolina, Missouri, Texas, Illinois, Louisiana, Minnesota and Maryland have all had this identical question before them, and they have all held the same way, that it can not be done. And the ablest text writer on criminal law, Mr. Bishop, in his work on Criminal Procedure, says the same.

And I would like to add that, although my first impression was the other way, there would seem to be a great deal of natural justice in so holding. The two statutes were passed at different times; section 6932, which refers to keeping gambling rooms, has been in force in this State substantially as it is now for almost a century, and the same is true as to every one of the older States, and the laws against lotteries in each State were passed later and after the courts had decided that lottery dealers could not be convicted under the gambling acts so called, and in like manner when the courts decided that players at policy could not be convicted under the lottery or gambling acts, specal acts were passed prohibiting them. The first act prohibiting playing policy in this State was passed in 1873.

It is, therefore, my opinion, that I am compelled to sustain the objection made by the defense to the introduction of any evidence under this information, I will therefore direct the jury in this case to return their verdict of not guilty.

T. M. Kennedy, Pros. Att'y.

W. C. Rogers and M. A. Foran, defendants' attorneys.